|                              |   |          |
|------------------------------|---|----------|
| UNITED STATES OF AMERICA     | ) |          |
|                              | ) |          |
| v.                           | ) | **ORDER** |
|                              | ) |          |
| DONNELL DEAN BENSON,         | ) |          |
|                              | ) |          |
| Defendant.                   | ) |          |

On April 9, 2012, pursuant to a written agreement, Donnell Dean Benson ("Benson") pleaded guilty to conspiracy to distribute and possess with the intent to distribute more than 280 grams of cocaine base (crack) and 5 kilograms or more of cocaine. See [D.E. 88, 89, 138]. On June 10, 2013, the court held Benson's sentencing hearing. See [D.E. 124, 125, 140]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") and ruled on Benson's objection [D.E. 112]. See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 140] 4–11. The court calculated Benson's total offense level to be 38, his criminal history category to be V, and his advisory guideline range to be 360 months' to life imprisonment. See Sentencing Tr. at 10–11. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Benson to 372 months' imprisonment. See id. at 23–28. Benson appealed. On February 14, 2014, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Benson, 554 F. App'x 240, 241 (4th Cir. 2014) (per curiam) (unpublished).

On October 9, 2015, Benson moved (pro se) for a sentence reduction. See [D.E. 148]. On January 7, 2016, Benson filed a second pro se motion for a sentence reduction. See [D.E. 152]. On March 4, 2016, Benson moved (through counsel) for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 153]. Benson's new advisory guideline range is 292 to 365 months' imprisonment, based on a total offense level of 36 and a

criminal history category of V. See Resentencing Report. Benson requests a 302-month sentence. See id.; [D.E. 153]. On March 9, 2016, the government responded. See [D.E. 156].

The court has discretion under Amendment 782 to reduce Benson's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Benson's sentence, the court finds that Benson engaged in serious criminal behavior involving a large quantity of illegal narcotics. See PSR ¶¶ 13–16. Moreover, Benson is a recidivist and has convictions for simple assault, possession of a gun on educational property, possession of stolen goods/property, resisting a public officer, possession with intent to sell and deliver cocaine, and driving while impaired. See id. ¶¶ 18–28. Moreover, Benson has performed poorly on supervision and has no virtually work history. See id. ¶¶ 22, 25, 31, 44–47. Nonetheless, Benson has taken some positive steps while incarcerated on his federal sentence. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Benson received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Benson's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the

2

court denies Benson's motions for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68 (2018); Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Benson's motions for reduction of sentence [D.E. 148, 152, 153].

SO ORDERED. This 18 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge